UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

CHRISTOPHER D. WHITE,

        Plaintiff,

    v.

WARDEN,

        Defendant.

Civil No. 10-86 (JRT/JSM)

**REPORT AND RECOMMENDATION**

This action was commenced in the District of Maryland, and later transferred to this District. After the case was transferred, this Court reviewed the record and found that Plaintiff's submissions were grossly deficient. In particular, the Court noted that (1) Plaintiff did not pay any filing fee or apply for leave to proceed in forma pauperis, ("IFP"), and (2) Plaintiff had not submitted any document that could reasonably be construed to be a civil complaint, a habeas corpus petition, or any other proper initial pleading. On January 28, 2010, the Court entered an order directing Plaintiff to cure those two deficiencies. (Docket No. 5.) Plaintiff was ordered to (1) file an entirely new initial pleading, and (2) pay the applicable filing fee prescribed by 28 U.S.C. § 1914(a), or else file an IFP application. Plaintiff was advised that if he did not submit both a new pleading, and the requisite filing fee or an IFP application, by no later February 17, 2010, the Court would recommend that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

The deadline for complying with the Court's prior order has now passed, and Plaintiff has not satisfied the requirements of that order. Plaintiff has not filed any new pleading,

and he has not paid any filing fee or applied for IFP status. Indeed, Plaintiff has not communicated with the Court at all since this case was transferred to this District nearly two months ago.

Therefore, it is now recommended, in accordance with the Court's prior order, that Plaintiff be deemed to have abandoned this action, and that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: March 8, 2010

_s/ Janie S. Mayeron_
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 22, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable

directly to the Circuit Court of Appeals.